UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80334-CIV-ZLOCH

RENEE BETTIS,

    Plaintiff,

v.

TOYS "R" US,

    Defendant.
_____/

Case No. 08-60565-CIV-ZLOCH

SONYA GOSSARD,

    Plaintiff,

v.

JP MORGAN CHASE & CO.,

    Defendant.
_____/

Case No. 06-20418-CIV-ZLOCH

RAMON SABATIER,

    Plaintiff,

v.

SUNTRUST BANK,

    Defendant.
_____/

Case No. 09-60259-CIV-ZLOCH

LAISNER PAUL,

    Plaintiff,

v.

D & B TILE OF HIALEAH, INC.,

    Defendant.
_____/

**<u>ORDER</u>**

This matter is before the Court upon the Orders of Referral to United States Magistrate Judge Robin S. Rosenbaum re: Evidentiary Hearing, [*Bettis*: D.E. 173; *Gossard*, D.E. 72; *Sabatier*, D.E. 82; *Paul*, D.E. 6], entered by the Honorable William J. Zloch.  In these Orders of Referral, Judge Zloch directed counsel for Plaintiffs, Mr. Loring Spolter, to file by noon on Friday, June 19, 2009, a notice of the witnesses from the Clerk's Office that he wishes to call at the hearing.  *See* D.E. 173 at 4.[1]  The dockets in these four above-styled matters do not reflect that Mr. Spolter has filed any such notice to date.  The Orders of Referral, nonetheless, require that a hearing be held regarding the accuracy of Mr. Spolter's hypothesis that Judge Zloch somehow "rigged" the blind, random case assignment system.  As the Clerk's Office performs the task of assigning case numbers, presumably, employees of the Clerk's Office would have the best knowledge regarding whether the blind, random case assignment system has been "rigged" by Judge Zloch.  Consequently, it is hereby **ORDERED and ADJUDGED** as follows:

    1. The Clerk's Office shall make available for testimony at the June 24, 2009, hearing, the following categories of individuals:

    A.    Any personnel with any personal knowledge of any of the allegations contained in the various motions seeking recusal and disqualification of Judge Zloch (*Bettis*: D.E. 156; *Gossard*: D.E. 61; *Sabatier*: D.E. 81; *Paul*, D.E. 3);

    B.    A person personally knowledgeable in any algorithm or other type of computer program used by the Southern District of Florida to assign case numbers, including

---

[1] For convenience, the Court will cite throughout the remainder of this Order only to the Order of Referral entered in *Bettis*.  The same Order was entered in each of the four cases captioned above.

      having knowledge of all rules for assigning cases factored into any computer program used to make assignments;

C.   A person with personal knowledge of whether Judge Zloch has had the same caseload as other active members of the United States District Court for the Southern District of Florida from July 1, 2000, when he began his tenure as Chief Judge, through the present time, and, if not, the percentage of the other active judges' caseloads that Judge Zloch carried, and, if that changed, how and when it varied;

D.   Any identifiable Clerk's Office personnel who had personal involvement in the filing of any of Mr. Spolter's cases; and

E.   How, if at all, a member of the public can obtain knowledge concerning the manner in which the Court assigns cases, and to what any such knowledge obtainable by members of the public may be limited.

2. All other witnesses identified by Judge Zloch in the original Order of Referral shall also be available for questioning at the hearing on June 24, 2009.

**DONE AND ORDERED** this 21st day of June, 2009.

                                          ROBIN S. ROSENBAUM
                                          UNITED STATES MAGISTRATE JUDGE

cc:   Hon. William J. Zloch
      Counsel of Record
      Steven M. Larimore, Esq., Court Administrator • Clerk of Court
      Jeffrey Sloman, Acting United States Attorney
      Kathleen Williams, Esq., Federal Public Defender