```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 06-80334-CIV-ZLOCH
```

RENEE BETTIS,

        Plaintiff,                            **O R D E R**

vs.

TOYS "R" US,

        Defendant.
_____/

```
                   CASE NO. 08-60565-CIV-ZLOCH
```

SONYA GOSSARD,

        Plaintiff,

vs.

JP MORGAN CHASE & CO.,

        Defendant.
_____/

```
                   CASE NO. 06-20418-CIV-ZLOCH
```

RAMON SABATIER,

        Plaintiff,

vs.

SUNTRUST BANK,

        Defendant.
_____/

```
                   CASE NO. 09-60259-CIV-ZLOCH
```

LAISNER PAUL,

        Plaintiff,

vs.

D & B TILE OF HIALEAH, INC.,

        Defendant.
_____/

THIS MATTER is before the Court sua sponte and upon Defendant Suntrust Bank's Motion For Sanctions (DE 122), Defendant Toys "R" Us's Motion For Sanctions (DE 200), and Defendant JP Morgan Chase's Motion For Sanctions (DE 102).  The Court has carefully reviewed

said Motions and the entire court file in each of the above-styled causes and is otherwise fully advised in the premises.

In the Court's previous Order (DE 220)[1], it adopted Magistrate Judge Rosenbaum's Report and Recommendation (DE 205) that found Loring Spolter, Esq. filed Motions (DE 156) in each of the above-styled causes that were not factually or legally justified and that he did so for an improper purpose. By separate Order (DE 221), the Court entered its Order To Show Cause directing Mr. Spolter to set forth why he should not be sanctioned under 28 U.S.C. § 1927, Rule 11, and the Court's inherent power for filing a Motion in bad faith. As directed, Mr. Spolter filed a Response, wherein he states:

> I do not contest that certain factual assertions made in the Motion for Reconsideration (DE 156), although made in subjective good faith based on the information then known, and, for the purpose of zealously representing Plaintiff, nonetheless can be viewed as not being objectively reasonable. Accordingly, I do not contest that sanction [sic] may apply under each authority listed by the Court in its Order.

DE 226, pp. 1-2. Therefore, based on Mr. Spolter's admission of liability for filing the infringing Motions, the Parties, the office of the Clerk of the Court, and the Office of the United States Attorney for the Southern District of Florida shall submit

---

[1] Identical filings have been made in each of the above-styled causes related to these matters. <u>Renee Bettis v. Toys "R" Us, Inc.</u>, Case No. 06-80334-CIV-ZLOCH (DE 220); <u>Gossard v. JP Morgan Chase & Co.</u>, Case No. 08-60565-CIV-ZLOCH (DE 113); <u>Sabatier v. Suntrust Bank</u>, Case No. 06-20418-CIV-ZLOCH (DE 123); <u>Paul v. D & B Tile of Hialeah, Inc.</u>, Case No. 09-60259-CIV-ZLOCH (DE 46). For the sake of clarity, the Motions and Orders referred to herein will correspond with the docket entries in <u>Renee Bettis v. Toys "R"Us</u>, Case No. 06-80334-CIV-ZLOCH.

Affidavits and Exhibits as prescribed below.

Defendants Toys "R" Us, Suntrust Bank, and JP Morgan Chase & Co. shall each file an itemized Memorandum setting forth the fees and costs incurred in defending Plaintiffs' Motions (DE 156) and preparing and filing their respective Motions For Sanctions. This Memorandum shall also include any and all fees related to filings that were directly or tangentially related to Plaintiffs' Motions and subsequent filings, furthering or defending the arguments made therein, and all fees and costs incurred in traveling to and participating in the Evidentiary Hearing that took place before United States Magistrate Judge Robin S. Rosenbaum on June 24, 2009, and July 2, 2009.

In addition, the Clerk of the Court shall submit an itemized expenditure setting forth the wages that were paid to its employees who participated in said Evidentiary Hearing or helped aid the Assistant United States Attorneys who represented the Clerk's Office in those proceedings. The calculation of these wages must include the time spent preparing for and participating in said Evidentiary Hearing, including any time spent not working and being available to testify.

The Office of the United States Attorney shall also submit a Memorandum itemizing the reasonable attorney's fees and costs for the services rendered by Wendy A. Jacobus, Esq. and Anthony Pogorzelski, Esq., including any filings its attorneys made and the time those attorneys spent preparing for and participating in the Evidentiary Hearing.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That by <u>noon</u> on <u>Friday, August 14, 2009</u>, Defendants Toys "R" Us, JP Morgan Chase & Co., and Suntrust Bank shall file an itemized Memorandum with the Clerk of this Court together with Affidavits and Exhibits establishing all the fees and costs that they have incurred relating to the Motions For Reconsideration that Mr. Spolter filed in each of the above-styled causes. These fee and cost calculations shall be itemized and include any and all travel time and expenses that were incurred because of their participation in the Evidentiary Hearing held United States Magistrate Judge Robin S. Rosenbaum on June 24, 2009, and July 2, 2009.

2. That by <u>noon</u> on <u>Friday, August 14, 2009</u>, the Office of the Clerk of the Court shall file a Memorandum together with Affidavits and Exhibits establishing the wages paid its employees during the time they prepared for and participated in the Evidentiary Hearing United States Magistrate Judge Robin S. Rosenbaum on June 24, 2009, and July 2, 2009;

3. That by <u>noon</u> on <u>Friday, August 14, 2009</u>, the Office of the United State Attorney shall file a Memorandum with the Clerk of this Court together with Affidavits and Exhibits setting forth the fees and costs incurred by it for Wendy A. Jacobus, Esq. and Anthony Pogorzelski, Esq. in preparing for and participating in the Evidentiary Hearing United States Magistrate Judge Robin S. Rosenbaum on June 24, 2009, and July 2, 2009, and any filings they made related to that hearing. The fees established for both attorneys shall correspond with the Equal Access To Justice Act, 5

U.S.C. § 504, 28 U.S.C. § 2412 (2006).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   11th   day of August, 2009.

／s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Steven M. Larimore, Esq.
Court Administrator • Clerk of Court

All Counsel of Record in the above-styled causes

5